the industrial zoning status that existed when the pollution occurred, and, if so, whether such a determination implicates US Const, Am V; Const 1963, art 10, § 2; or any other federal or state constitutional provision.

CORRIGAN, J. I join the statement of Justice MARKMAN.

KLIDA V BRAMAN, No. 136535; reported 278 Mich App 60.

MARKMAN, J. (*concurring*). Because I believe that the Court of Appeals reached the right result, I concur in this Court's order denying leave to appeal. I write separately only to point out that the Court of Appeals, in my judgment, erroneously held that § 5851(1) of the Revised Judicature Act (RJA), MCL 600.5851(1), is "ambiguous." To the contrary, the RJA clearly states that a minor shall have one year after the disability is removed to "bring an action under this act," and a breach of contract action is clearly an action brought under the RJA. A statute is not "ambiguous" merely because a term or phrase therein is subject to multiple definitions or understandings. See *Lansing Mayor v Pub Service Comm*, 470 Mich 154, 164-166 (2004). A clear understanding of what is and what is not "ambiguous" is an element in minimizing the exercise of discretionary and standardless judicial power.

CORRIGAN and YOUNG, JJ. We join the statement of Justice MARKMAN.

*In re* BEAN (DEPARTMENT OF HUMAN SERVICES V HERRIN), No. 138102; Court of Appeals No. 285467.

*Summary Disposition February 6, 2009:*

PEOPLE V GRAYS, No. 137244. Pursuant to MCR 7.302(G)(1) and 7.316(A)(1), in lieu of granting leave to appeal, we vacate the defendant's conviction of second-degree murder. See *People v Clark*, 243 Mich App 424, 429 (2000), lv den 465 Mich 863 (2001). In all other respects, leave to appeal is denied, because we are not persuaded that the remaining questions presented should be reviewed by this Court. Court of Appeals No. 277866.

KELLY, C.J. I would grant leave to appeal.

*Rehearing Denied February 10, 2009:*

TOMECEK V BAVAS, No. 134665; reported below: 276 Mich app 252.

YOUNG, J. (*dissenting*). I would grant the defendant-appellant's motion for rehearing.

This case came before us on cross-motions for summary disposition and involved discerning whether the grantors of the plaintiffs' "easement for driveway purposes" intended the plaintiffs to have access to utilities along that easement. The formulation of the issues in controversy has sharpened with each successive appeal, and the trial court did not properly have the issue of the grantors' intent before it. The ambulatory nature of this appeal thus prevented the parties from litigating at trial the precise questions that a finder of fact should have determined. For this reason, I believed, and continue to believe, that the majority was

premature in determining that the plaintiffs' middle ("driveway") ease-
ment should include utilities access. On no factually developed record, a
majority of this Court concluded that an easement denominated for
"driveway purposes" also included utilities access.

Understandably, because there has never been a trial on the very issue
resolved by this Court, the motion for rehearing indicates that some of
the critical evidence on which the majority relies in making its determi-
nation of grantor intent has not undergone the proper authentication
that our rules of evidence require. Furthermore, the parties have not
been permitted any discovery on the question of the grantors' intent.
This is surely a question that is factual in nature, requiring resolution by
a fact-finder, not an appellate court.

Accordingly, I would grant the motion for rehearing and, upon
rehearing, remand this case to the trial court for a determination of the
grantors' intent.

CORRIGAN and MARKMAN, JJ. We join the statement of Justice YOUNG.

*Order Granting Oral Argument in Case Pending On Application for
Leave to Appeal February 20, 2009:*

*In re* McBRIDE (DEPARTMENT OF HUMAN SERVICES V McBRIDE), No. 136988.
The Clerk of the Court is directed to place this case on the May 2009
session calendar for argument on whether to grant the application or
take other peremptory action. MCR 7.302(G)(1). The parties shall submit
supplemental briefs within 42 days of the date of this order addressing:
(1) whether the trial court violated MCL 712A.17c and MCR 3.915(B)(1)
by denying the respondent-appellant father's request for the appoint-
ment of counsel to represent him at the trial on the supplemental petition
requesting termination of his parental rights; (2) whether the trial court
violated the respondent's due process rights under *Lassiter v Dep't of
Social Services,* 452 US 18 (1981), by denying the request for counsel; (3)
if the trial court violated MCL 712A.17c, MCR 3.915(B)(1), or the Due
Process Clause, whether such an error may be harmless, *In re Clemons,*
unpublished opinion per curiam of the Court of Appeals, issued August
19, 2008 (Docket No. 281004); *Lassiter, supra;* (4) whether the Depart-
ment of Human Services is asserting inconsistent positions regarding the
harmlessness of the error in denying counsel in termination of parental
rights cases, cf., e.g., *In re Clemons, supra,* and the instant case; (5) if a
denial of a request for counsel can constitute harmless error, whether the
existence of an alternative placement plan or guardianship option, such
as those provided for in MCL 712A.19a(7) and MCL 700.5201 through
700.5219, can prevent a denial of a request for counsel from being
harmless; and (6) if the existence of an alternative placement or guard-
ianship option can prevent a denial of a request for counsel from being
harmless, by what standards should a court evaluate feasibility of the
alternative placement or guardianship option in determining whether
the error was harmless. The Solicitor General is invited to file a brief
addressing the foregoing issues and to participate in oral argument
before this Court. Court of Appeals No. 282062.